[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties have resolved all of their differences in a written separation agreement except for the following as stated in Article XIV of the said agreement.
 "Outstanding Issues For The Court
14.1 The parties hereto submit to the Court the issue of any alimony award as between the parties.
14.2 The parties hereto submit to the Court the issue of who, as between the parties. may enjoy the right to exclusive possession of the apartment located at 109 Tresser Boulevard, Unit 9H, Stamford, Connecticut."
The court declines to enter any order of periodic or lump sum alimony.
The apartment in question is HUD subsidized. The listed tenants are the plaintiff and the parties' adult daughter, Xenia. The plaintiff vacated the apartment several months ago when he accepted employment overseas. The defendant has been in actual possession along with Xenia since before the plaintiff left. The defendant occupies the apartment with the CT Page 6954 daughter's permission. On the re-certification dated February 1, 2000, the "household composition" lists the plaintiff as "head of house" and Xenia as "other". The defendant is not listed as an occupant. The defendant has gross weekly income of $649 or $33,748 annually. The plaintiff lists weekly gross of $264, or $13,728 annually. The plaintiff stated to Xenia that his gross annually is $24,000. Further, he cautioned Xenia that their combined income "must not exceed $42,000. (Defendant's Exhibit H).
To order that the plaintiff be excluded from possession and to impose possession of the apartment by defendant or Xenia, a non-party to this action, exceeds the court's jurisdiction. In addition, HUD regulations govern the continuing right to occupy the premises for which the plaintiff has been qualified. The defendant has not been qualified on the current lease. The pendente lite order entered April 17, 2000. excluding plaintiff from Apartment #9H, 109 Tresser Boulevard, Stamford, Connecticut ((computer #105) is dissolved. The defendant is ordered to surrender possession of the apartment to plaintiff on June 30, 2000 at noon.
Judgment is rendered dissolving the marriage on the ground of irretrievable breakdown. The parties' written stipulation is found to be fair and equitable. It is approved and ordered incorporated in the judgment pursuant to our statute.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.